### BRADLEY v. WACKER.

**1. PROCEEDINGS IN AN ATTACHMENT BEFORE A JUSTICE OF THE PEACE.**

Where in an attachment proceedings before a justice of the peace, the defendant appeared and filed an answer denying any indebtedness to plaintiff, and at the same time filed an affidavit denying the allegations of the affidavit for attachment and moved for the discharge of the attachment, which motion was overruled, and no exception to this ruling was entered; but the affidavit of defendant was, without warrant of law, copied in the docket: *Held*, that the only way in which it could properly get there was by an exception to the ruling of the justice in refusing to discharge the attachment, and taking a bill of exceptions setting out the evidence submitted, and, therefore, when neither of these steps were taken, the ruling of the justice on this point cannot be reviewed on error.

**2. ERROR FOR FAILURE TO DISCHARGE AN ATTACHMENT.**

It is error for a justice of the peace for failing to discharge an attachment, where the only evidence was the affidavit of the plaintiff averring the grounds of the attachment, and defendant's affidavit denying those averments. In such case the burden of proof is on plaintiff to prove by other evidence that his affidavit is true.

**3. MARRIAGE OF DEFENDANT AFTER THE ATTACHMENT HAS BEEN GRANTED.**

Where an attachment has been granted against an unmarried man, his subsequent marriage will not affect the vested rights of the plaintiff, nor will the attachment be dissolved on these grounds.

**4. REVERSAL OF JUDGMENT RENDERED BY THE JUSTICE OF THE PEACE.**

Where a court of common pleas reverses on error, a judgment rendered by a justice, it is the duty of the court, under Sec. 6733, Rev. Stat. to retain the case for trial and final judgment, as in cases of appeal.

ERROR to the Court of Common Pleas of Butler county.

SMITH, J.

The facts in this case, as shown by the record, in brief, are these: Mrs. Bradley commenced an action before a justice of the peace July 9, 1895, against the defendant, Wacker, to recover $22.25 on account for boarding furnished to him, and she at the same time, filed an affidavit for an attachment, alleging that he fraudulently contracted the debt, and that the property sought to be attached was not exempt from execution, and that the defendant was not the head or support of a family. The C. & D. R. R. Co. was named as garnishee, as having in its possession money due to the defendant  So far as we see, the affidavit is in due form, and, as required by the statute, it was copied in full upon the docket of the justice. Thereupon bond having been given, a summons and order of attachment were issued, and both were served on the same day, and were returnable July 18, 1895, at 9 A. M.  On July 11, 1895, the garnishee appeared and answered, admitting that it owed defendant $28.15 and was thereupon ordered to pay the money into court to abide the event of the suit.

On July 18, 1895, the defendant appeared and filed an answer denying any indebtedness to the plaintiff, and at the same time filed an affidavit denying the allegations of the affidavit for attachment and moved

for the discharge of the attachment on the ground that the statements in the affidavit of the plaintiff were not true. This motion was at once overruled, and no exception to this ruling was entered. The affidavit of the defendant was without warrant of law, copied in the docket. The only way in which it could properly get there was by an exception to the ruling of the justice in refusing to discharge the attachment, and taking a bill of exceptions setting out the evidence submitted. But neither of the steps were taken, and without them, the ruling of the justice on this point cannot be reviewed on error. If the proper steps had been taken, it would plainly have appeared that the justice erred in not discharging the attachment where the only evidence was the affidavit of the plaintiff averring the grounds of the attachment, and that of the defendant denying those averments. It has been expressly held in several cases that in such case the burden is on the plaintiff by other evidence to prove his affidavit to be true. See 9 O. S., 397; 46 O. S., 52; and 7 C. C., 208. But, as has been said, in this case there was no exception to the ruling, and no bill of exceptions on this point, and such ruling could not properly be reversed by the common pleas on error.

After the decision of this motion another was filed by the defendant, on July 24, 1895, asking the court to set apart the sum garnisheed in the action for the reason that on July 18, 1895, he had married a wife, and that he and his wife are residents of this state of Ohio, and that neither of them has a homestead or any real or personal property worth more than $100; and because the money garnisheed was his personal earnings for daily labor performed for the company within the last sixty days prior to that time. Those allegations were supported by his affidavit. The motion was overruled and exception taken, and a bill of exceptions taken showing that no evidence had been introduced on this motion of defendant, except his own affidavit; but the affidavit was not a part of the bill, though it also had without warrant, before that, been copied upon the docket. This would seem to render this bill defective as not containing the evidence upon which the court acted. But if it had been done, we think that the facts stated would not have justified the justice in granting the motion. Wacker was not a married man when the attachment was issued or served, or when the court ordered the money paid into court, and we do not see how his subsequent marriage could affect the vested rights of the plaintiff. After this a trial was had and a judgment rendered for the plaintiff, and the money garnisheed ordered to be paid to her.

Wacker filed in the court of common pleas a petition in error, the object of which, as we understand it, was to reverse these orders and rulings as to the attachment proceedings, and not the final judgment by which plaintiff recovered a judgment for her caim. The grounds assigned were, that the affidavit for attachment was insufficient, and the overruling by the justice of the two motions as to the discharge of the attachment and release of the money therefrom was erroneous. On the hearing in that court, a judgment was entered substantially as follows: "That there is error in the judgment rendered by the justice of the peace, and it is therefore ordered and adjudged by the court that the judgment of said justice, wherein the money due to the plaintiff from the C. & D. R. R. Co. was taken and applied to the payment of the claim and costs of the defendant Susannah J. Bradley be, and the same is set aside and held for naught." It was further ordered that the justice pay

to Wacker all money received from the company, and that Mrs. Bradley pay the costs of this suit.

To reverse this judgment Mrs. Bradley filed this petition in error in this court.

It is difficult to say what is the effect of the judgment of the court of common pleas, whether it undertook to reverse the final judgment, or only one or more of the rulings of the justice on the attachment proceedings. Grammatically, perhaps, it refers to the final judgment, but we incline to the opinion that it was the intentin of the court only to reverse one or more of the rulings as to the attachment. As before stated, we think there was no case for a reversal, and the judgment as to this should have been affirmed. No claim is made that the final judgment was erroneous, but if it was reversed, it was the duty of the court, under sec. 6733, Rev. Stat., to retain the case for trial and final judgment as in cases of appeal. This was not done, and it is another ground for believing that it was not the final judgment that was reversed. If it was the final judgment which was reversed, and the case retained there for trial, this proceeding in error to reverse such judgment would be premature, and would not lie until after a final judgment in the case in the common pleas. See Bates New Digest, vol. 1, page 883, paragraph 90. But the case was not so retained for trial, but what that purports to be a final judgment was entered, so that we think in any view the judgment of the common pleas was erroneous, and will be reversed, with costs, and the case remanded to the common pleas to be further dealt with according to law. If on consideration that court should find that the justice did not err in its orders as to the attachment. or in the final judgment rendered, of course the whole should be affirmed. If the court should still be of the opinion that there was error in such rulings or judgment, the same should be reversed when erroneous. And we incline to the opinion that the case should be retained for hearing as to the matter reversed under the provisions of sec. 6733.

*Donley & Rhonemus,* for Plaintiff in Error.

*Dody & Todhunter,* for Defendant in Error.